# Commonwealth *v.* DeMasi, Appellant.

*Criminal law—Murder—Robbery—Evidence.*

1. Where a prisoner is convicted of murder committed in the perpetration of a robbery, the crime is fixed as that of murder of the first degree, and the duty imposed upon the appellate court by the Act of February 15, 1870, P. L. 15, is limited to ascertaining whether there was competent evidence at the trial, which if believed by the jury, would sustain a verdict of guilty.

*Criminal law—Murder—Testimony of accomplice.*

2. There is no rule of law in Pennsylvania that forbids a conviction of murder on the uncorroborated testimony of an accomplice.

*Criminal law—Evidence—Privilege of witness—Murder.*

3. The right of a witness to refuse to testify on the ground that his testimony may incriminate him, is a right personal to himself alone. The person against whom the witness is called has no rights in relation to the matter. This rule applies to an accomplice who is willing to testify against the prisoner on the trial of an indictment for murder, and to whom the prisoner objects as a witness.

*Criminal law—Murder—Evidence.*

4. Where a prisoner on trial for murder has assigned in his testimony in chief a reason for leaving the place of the killing on the morning following the occurrence, he may be questioned on cross examination in relation to a letter which he had written to a relative in which there were statements inconsistent with the reason he had assigned for leaving the city; and this is the case although the person to whom he had dictated the letter had not followed his directions strictly, if it appears that the prisoner knew what the letter contained, and had adopted it as written, and made it his own.

Argued Jan. 2, 1912. Appeal, No. 42, Jan. T., 1911, by defendant from judgment of O. & T. Phila. Co., October Sessions, 1909, No. 377, on verdict of guilty of murder of the first degree in case of Commonwealth v. Sabatino DeMasi. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Indictment for murder.  Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree.

*Errors assigned* were various rulings sufficiently shown by the opinion of the Supreme Court.

*Charles J .Roney, Jr.,* with him *E. B. Rockwell,* for appellant.

*William A. Gray, Assistant District Attorney* and *Samuel P. Rotan, District Attorney,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, February 5, 1912:

The murder of which the prisoner was convicted was committed in the perpetration of a robbery. There is, therefore, no question as to the degree of the crime. The duty imposed upon us by the Act of February 15, 1870, P. L. 15 is limited to ascertaining whether there was competent evidence at the trial, which if believed by the jury, would sustain a verdict of guilty: Grant v. Com., 71 Pa. 495; Com. v. Morrison, 193 Pa. 613; Com. v. Danz, 211 Pa. 507.

The facts developed by the Commonwealth were that a masked man entered a saloon late at night, and after demanding money of the bar-keeper, shot and killed him. Two other men who were in the saloon were shot, one fatally. No one who saw the shooting was able to identify the prisoner. The testimony directly connecting him with it was that of an accomplice to whom he expressed his intention to enter the saloon and rob the bar-tender and to whom he said when he came out of the saloon, that he had shot two men and had got thirty dollars. This testimony was corroborated by proof that the witness and the prisoner were together during the day, that they had visited the saloon

together two or three times a few hours before and were close to it a short time before the shooting. The corroboration extended to every important fact testified to by the witness, except the prisoner's expression of an intention to rob and his admission that he had shot the deceased. The testimony of the witness was submitted to the jury with great care by the learned trial judge in a charge to which no exception was taken. There is no rule of law in this State that forbids a conviction on the uncorroborated testimony of an accomplice: Ettinger v. Com., 98 Pa. 338; Cox v. Com., 125 Pa. 94. The duty to examine such testimony with care, and to accept and act upon it, only when convinced of its truthfulness, was pointed out in the charge.

The assignment based on the overruling of the objection to the calling of the accomplice as a witness for the Commonwealth, before counsel for the prisoner, who was also counsel for the witness, had had an opportunity to confer with the witness, cannot be sustained. The witness had been tried and convicted and was under sentence but his appeal had not been heard. It was his right to be advised of his privilege not to testify and it was the duty of the court to inform him of this right. This duty was fully performed and the witness after being informed of his privilege and told that his testimony might be used against him, expressed his willingness and desire to testify. The right of a witness to refuse to testify on the ground that his testimony may incriminate him, is a right personal to him alone. The person against whom the witness is called has no rights in relation to the matter.

The remaining assignment is without merit. The prisoner in his testimony in chief had assigned a reason for leaving Philadelphia on the morning following the murder. On cross-examination he was questioned in relation to a letter he had sent to his uncle in which there were statements inconsistent with the reason he had assigned for leaving the city. The letter had been

written at his dictation and while his directions had not been strictly followed, he knew what the letter contained and had adopted it as written and made it his own.

The assignments of error are overruled and the judgment is affirmed with direction that the record be remitted for the purpose of execution.