## Commonwealth *v.* Howe, Appellant.

*Criminal law—Sodomy — Evidence — Sufficiency — Uncorroborated testimony of accomplice.*

In the trial of an indictment for sodomy a verdict of guilty will be sustained, although the only evidence produced by the Commonwealth was the uncorroborated evidence of an accomplice.

In such case, however, the court must instruct the jury that it is their duty to consider the testimony of such accomplice with great caution and scrutinize it with great care, because the accomplice was also the partner in the crime, and to examine with great care the statements of the accomplice upon the witness stand, in order to ascertain whether or not he was telling the truth.

There is no rule of law in Pennsylvania that forbids a conviction on the uncorroborated testimony of an accomplice.

Argued October 20, 1924. Appeals, Nos. 35 and 36, April T., 1925, by defendant, from the judgment of O. and T. Cambria Co., March Sessions, 1924, Nos. 11 and 12, on verdict of guilty in the case of Commonwealth of Pennsylvania v. David Howe. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for sodomy. Before EVANS, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendant's motion for a new trial.

*J. J. Kintner,* and with him *F. J. Hartman* and *Forest* and *Percy Allen Rose,* for appellant.

*D. P. Weimer,* District Attorney, for appellee.

OPINION BY PORTER, J., February 27, 1925:

The defendant appeals from his conviction upon two indictments charging sodomy. The indictments were tried together and the assignments of error are identical, presenting but a single question.

The evidence as to the material facts produced by the Commonwealth in support of the indictment in each of the cases consisted of the uncorroborated testimony of an accomplice. The learned counsel representing the defendant presented points requesting the court to charge that there could not, in either of the cases, be a conviction upon the uncorroborated testimony of an accomplice, the refusal of which points is assigned for error. Before discussing these assignments it should be noticed that the learned trial judge did not overlook the subject to which these points relate, but in his general charge instructed the jury that it was their duty to consider the testimony of the accomplice with great caution, scrutinize it with great care, because the accomplice was also a partner in the crime, and to examine with great care the statements of the accomplice upon the witness stand, in order to ascertain whether or not he was telling the truth. This instruction it is the duty of the court to give the jury, in such a case: Com. v. Polise, 81 Pa. Superior Ct. 69. This portion of the charge we do not allude to for the purpose of discussing it, or of showing that it is the substantial equivalent of the instructions prayed for in the points, for it is not, but only to show that the subject was not overlooked.

"There is no rule of law in this State that forbids a conviction on the uncorroborated testimony of an accomplice": Com. v. DeMasi, 234 Pa. 572. This question was most satisfactorily treated in the opinion of President Judge RICE in Com. v. Klein, 42 Pa. Superior Ct. 66; the discussion concluding as follows: "To say that in every case, no matter how candid and straightforward the accomplice witness may be on the witness stand and how convincing may be his testimony, the judge must advise or admonish in terms which would be naturally construed by the jury as a binding direction upon a point of law is not warranted by the later decisions; and if we cannot say that we cannot say that there was error in refusing to charge upon the subject in the language of these points." No departure from that doctrine has marked the more recent decisions, among the latest of which was that of Com. v. Polise, supra, in which the opinion of Judge HENDERSON said: "If under all of the evidence the jury are satisfied of a guilt of the defendant, they are authorized to return a verdict accordingly. This is implied from the competency of the witness, but the corrupt source of the evidence and the inducement of the witness to testify with the hope of immunity affect the credibility of the testimony." The judgment in Com. v. Polise was reversed upon the ground that the court below had failed to direct the jurors to closely scrutinize the testimony of the accomplice and accept it with caution. The charge of the court below in the present case is not subject to this criticism. The assignments of error are overruled.

The judgments in the appeals Nos. 35 and 36, April Term, 1925, are affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, in the respective appeals, or any part of it, which had not been performed at the time the appeals were made a supersedeas.