Commonwealth *v.* Kinnard, Appellant.

Submitted March 11, 1974.   Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*Hugh S. Rebert,* Assistant Public Defender, for ap-
pellant.

*Morrison B. Williams,* Deputy District Attorney,
and *Donald L. Reihbart,* District Attorney, for Com-
monwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:
Appellant, James Kinnard, was arrested on January
3, 1973, and charged with rape and robbery.   The
charges rose out of an incident which occurred on De-
cember 29, 1972, at approximately 7:35 P.M., when four
men entered the book store in which a female clerk was
working alone.   One individual, wearing a green knit
cap and tan jacket, entered the store slightly ahead of
the others and asked the clerk if the store carried the
book *Hiroshima.*   The lighting in the store was quite
good and the clerk was standing face-to-face with the
man, so the clerk had ample opportunity to observe at
least this particular individual.   While the clerk was
talking with this man, the other three approached her
from behind and one of them placed a cold, hard, flat

object against her neck and instructed her to enter a more remote part of the store. The clerk was then raped by two of the men and money was taken from a cash register in the store. Five days after the crime, appellant was arrested while wearing a green knit cap and tan jacket. At the trial, the clerk positively identified appellant as the man who had first entered the store, though she was unable to say whether or not appellant was one of the men who actually raped her.

In a trial by jury, appellant was found guilty on May 17, 1973, of rape and robbery. Appellant filed a motion for a new trial and a motion in arrest of judgment, alleging that the verdict was contrary to the evidence, contrary to the weight of the evidence, contrary to law, and that the evidence was insufficient to sustain the verdict. Pursuant to leave of Court, additional reasons were subsequently filed to support the motions. The motions were denied after argument before the Court en Banc, and appellant was sentenced on December 17, 1973, to consecutive terms of five to ten years on the rape conviction, and two and one-half to five years on the robbery conviction. The case is before us on direct appeal.

Though he failed to raise this issue in the lower court, appellant now argues that a pre-trial confrontation between the victim and himself was so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a violation of due process. Appellant was exhibited to the victim at a line-up which included the three other men who were involved in the crime, plus four to six additional people. The victim was unable at that time to identify appellant as one of her attackers. At a subsequent preliminary hearing, appellant was brought into the magistrate's office handcuffed to a man whom the victim had previously identified as having been involved in the crime. At this time, the victim identified appellant with these words: "I

think this man on the end."[1]  When asked on direct examination at the trial how certain she was that appellant was one of the men involved in the crime, the victim replied: "I am very certain this is the man who entered the book store first."  On cross-examination, when asked by appellant's attorney about her identification of appellant at the preliminary hearing ("I think this man on the end"), the victim stated that she thought she had identified appellant "more strongly than that."  Instead of moving to have this identification testimony of the victim stricken from the record (alleging that the in-court identification was the result of an unduly suggestive, and hence unconstitutional, confrontation), appellant's counsel apparently hoped that the jury would consider the evidence presented and find that the victim had been led by the prosecution into making a false identification.  Absent a showing of incompetency or the presence of exceptional circumstances, neither of which we find here, counsel's strategic decisions will be binding on his client.  *Commonwealth v. Gambrell,* 450 Pa. 290, 301 A. 2d 596 (1973); *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967).  In addition to not objecting at trial to the admission into evidence of the victim's in-court identification of appellant, appellant's counsel failed to raise this issue in his post-trial motions as required by Pennsylvania Rule of Criminal Procedure 1123.[2]  In *Commonwealth v. Collins,* 436 Pa. 114, 118, 259 A. 2d 160, 162 (1969), our Supreme Court held that an issue raised by an appellant on appeal (an alleged violation of the appellant's *Stovall v. Denno* due process rights) had

---

[1] There is no allegation that appellant was without counsel at the hearing.

[2] The Rule in effect at the time of trial read (in pertinent part): "(b) A motion for a new trial shall be in writing, and the grounds shall be specified . . . . Only the grounds so raised may be argued before the court."

been waived by the appellant's failure to object in the lower court. In the case before us, appellant's failure to object in the lower court, and his failure to raise the issue in his post-trial motions, now precludes him from raising on direct appeal the issue of an allegedly unconstitutional in-court identification, since it is well settled that matters not raised in the court below may not properly be argued on appeal. *Commonwealth v. Scoleri,* 432 Pa. 571, 248 A. 2d 295 (1968) ; *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968) (and cases cited therein). Our courts have occasionally, in the interests of justice, made an exception to this general rule, but we find that this is not an appropriate case for the application of the exception.

In further support of our decision, we cite *Henry v. Mississippi,* 379 U.S. 443, 85 S. Ct. 564, 13 L. Ed. 2d 408 (1965), wherein the United States Supreme Court indicated that a litigant's procedural defaults in state proceedings could prevent vindication of his federal rights if the state's insistence on compliance with its procedural rule served a legitimate state interest. We find that the efficient administration of justice requires an appellant to raise in the lower court such matters as an allegedly tainted identification. As it was, the trial judge in the case before us was very careful in his instructions to the jury, to point out that the victim had failed to identify the defendant at the initial confrontation (the line-up) and that the victim's testimony identifying the defendant "should be received with caution, and scrutinized with care." If a proper objection or motion had been made at trial, the trial judge could have held a hearing to determine whether the victim's in-court identification of appellant had in fact been induced by an unduly-suggestive pre-trial procedure. If after such a hearing the in-court identification had been found to be tainted, the trial judge could have excluded the identification testimony of the vic-

tim. Orderly and efficient judicial administration requires us to find that appellant has waived, by his failure to raise the issue in the court below, his right to challenge on appeal the admissibility of the victim's in-court identification testimony.

We turn now to the consideration of the issues properly raised in the Court below. Appellant first argues that the trial judge erred in permitting the prosecution to claim surprise and cross-examine its own witness, Arthur Cole, as to whether or not appellant was present at the time of the robbery and rape. The witness Cole, a co-defendant of appellant, had given a statement to the police some eleven days after the crime had been committed. In this statement (which had been typed by a police officer and signed by the witness) Cole indicated that appellant had in fact been present at the time the crime was committed. When called by the prosecution, however, to testify against appellant at trial, Cole testified that appellant had *not* been present. Over objection by the defense, the prosecution was permitted to claim surprise and to cross-examine Cole regarding the prior inconsistent statement. In *Commonwealth v. Conard*, 206 Pa. Superior Ct. 33, 42, 211 A. 2d 14, 19 (1965), *allocatur refused, cert. denied*, 384 U.S. 920 (1966), our Court said that "[i]t is within the sound discretion of the trial court to decide whether or not counsel may exercise the right of cross-examining his own witnesses and its action will not be reviewed by the appellate courts unless there is an abuse of discretion." We find no abuse of discretion on the part of the trial judge in the case before us. The record shows that the prosecuting attorney never spoke at any time with the witness Cole before trial, but he assumed (reasonably so, we find) that Cole would testify in accordance with the statement that he, Cole, had given to the police eleven days after the commission of the crime. Unlike *Commonwealth v. Turner*, 389 Pa. 239,

133 A. 2d 187 (1957), there is no allegation in the case before us that the prosecuting attorney had *actual* knowledge that the witness would not testify in accordance with his prior statement. Appellant's theory then would seem to be that the Commonwealth would not have been surprised if it had been more diligent and had questioned the witness before calling him to the stand. This Court will not initiate a rule which will require a prosecuting attorney to interrogate his witnesses shortly before calling them, in order to ascertain that the witnesses will testify at trial consistently with statements which they have previously given to him or to the police. We find that the trial judge in this case properly permitted the prosecution to claim surprise and cross-examine its own witness.[3]

Appellant further argues that the lower court erred in refusing to warn the witness Cole of his privilege against self-incrimination. As far back as 1912, our own Supreme Court said that "[t]he right of a witness to refuse to testify on the ground that his testimony may incriminate him, is a right personal to him alone. The person against whom the witness is called has no rights in relation to the matter." *Commonwealth v. DeMasi*, 234 Pa. 570, 572, 83 A. 430 (1912). We now hold that the appellant in the case before us has no standing to raise the issue of a co-defendant's Fifth Amendment self-incrimination rights. See *Commonwealth v. Spallone*, 154 Pa. Superior Ct. 282, 35 A. 2d 727 (1944), *allocatur refused*. Because we so hold, there is no need for us to consider appellant's contention that the nolle prosequi of the charges against the co-defendant would not bar the assertion by the co-defendant of his right against self-incrimination.

---

[3] There is no allegation that the testimony of the witness Cole was not damaging to the prosecution's case. See *Commonwealth v. Knudsen*, 443 Pa. 412, 278 A. 2d 881 (1971).

Appellant's next argument is that the cap and jacket which he was wearing at the time he was arrested (January 3, 1973—five days after the rape and robbery) were items of evidence "too remote in time to be of any probative value whatsoever", and that these items therefore should not have been admitted into evidence over objection by the defense. We disagree. Shortly after the crime, the victim gave the police a description of her attackers, indicating that one of the men had been wearing a green knit cap, along with a tan coat or jacket. Testimony of the arresting officer indicated that the defendant was wearing, at the time of his arrest, the green knit cap and tan jacket which were admitted into evidence. We find that the hat and coat were properly put before the jury and were relevant to the issue of identification; the fact that appellant was arrested wearing this clothing *five days* after the crime affects only the weight, rather than the competency of the evidence. See *Commonwealth v. Ross,* 266 Pa. 580, 110 A. 327 (1920) and *Commonwealth v. Jones,* 269 Pa. 589, 113 A. 57 (1921). There can be no fixed standard for determining whether evidence is too remote in time to be admissible; rather, it is necessary for the trial court to consider the nature of the crime, the evidence being offered, and all the attendant circumstances. Absent an abuse of discretion on the part of the trial judge, his determination that evidence was not too remote in time to be admissible will not be overturned. Given the facts of the case before us, a hat and coat worn by the appellant at the time of his arrest, which hat and coat fit the description of clothing worn five days previous to the arrest by one of the perpetrators of a crime during the commission of the crime, were *not* items of evidence too remote in time to be admissible. The trial judge properly admitted this evidence.

Appellant also challenges the sufficiency of the evidence. In brief, the evidence against appellant, viewed

in the light most favorable to the Commonwealth, *Commonwealth v. Tabb,* 417 Pa. 13, 207 A. 2d 884 (1965), consists of the following: identification by the victim of appellant as one of the men involved in the rape and robbery; testimony by a physician that a medical examination which he had conducted revealed that the victim had engaged in sexual intercourse during the period of time in which the rape was alleged to have occurred; and testimony by a police officer that appellant was wearing, at the time of his arrest, a green knit cap and tan jacket which matched the victim's description of the clothes worn by one of the men.

Evidence is sufficient to support a conviction if, accepting as true all the evidence and all reasonable inferences arising therefrom upon which (if believed) the factfinder could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime of which he was convicted. *Commonwealth v. Clark,* 454 Pa. 329, 311 A. 2d 910 (1973); *Commonwealth v. McFadden,* 448 Pa. 277, 292 A. 2d 324 (1972); *Commonwealth v. Chasten,* 443 Pa. 29, 275 A. 2d 305 (1971). The victim's eyewitness account of four men entering the store where she worked and forcibly raping her, her testimony that the appellant (whom she had a good opportunity to observe and whose clothing she described) was one of the four, the similarity of the clothes appellant was wearing at the time of his arrest, and the medical evidence of sexual intercourse, constituted adequate proof of appellant's guilt. Since we find that the evidence was sufficient to support the verdict, it was certainly sufficient to withstand appellant's demurrer and to allow the case to go to the jury. Appellant's allegation that the lower court erred in not granting his demurrer, is without merit.

Appellant's final argument is that his sentence of seven and one-half to fifteen years on the rape and rob-

bery charges was excessive. Though the Court has the power to modify an obviously-excessive sentence, *Commonwealth v. Zelnick*, 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963), *cert. den.*, 377 U.S. 1006, 84 S. Ct. 1943, 12 L. Ed. 2d 1054, we have rarely utilized that power, preferring instead to rely on the good judgment of the trial judge. In the case before us, there are no extenuating circumstances which might indicate to us that the lower court judge abused his discretion. On the contrary, the notes of sentencing indicate that appellant had a prior conviction for robbery. Under the circumstances then, we cannot find that the sentence imposed upon appellant was excessive.

The judgment will be affirmed.