543 A.2d 1235

**COMMONWEALTH of Pennsylvania**

v.

**Allen ROSS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 18, 1988.

Filed June 20, 1988.

John R. Kalenish, Johnstown, for appellant.

James A. Nelson, Assistant District Attorney, Ebensburg, for Com.

Before OLSZEWSKI, JOHNSON, and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence imposed after appellant was convicted by jury of forty-seven counts of sexual crimes against his daughter and three of his girlfriend's children. On appeal, appellant challenges the trial court's decision to: (1) refuse to merge eleven counts of indecent assault with eleven counts of involuntary deviate sexual intercourse; (2) sentence appellant to forty-to-eighty years on the involuntary deviate charges; and (3) allow a whip to be admitted as one of the Commonwealth's exhibits. We affirm.

During 1985 and early 1986, appellant regularly sexually assaulted his seven-year-old daughter, [E.R.], and three of his girlfriend's children. The record reflects that appellant fondled the children, forced all of the victims to perform fellatio, and attempted sexual intercourse [1] with the female victims. Appellant was subsequently convicted of eleven

---

1. Although the sexual act was not completed, appellant did achieve vaginal penetration.

counts of involuntary deviate sexual intercourse, eleven counts of indecent assault, two counts of incest, and two counts of statutory rape. The trial court sentenced appellant to forty-to-eighty years on eight counts of involuntary deviate sexual intercourse and concurrent sentences on the remaining counts.

■ Appellant first complains that the eleven counts of indecent assault should have merged with the eleven counts of involuntary deviate sexual intercourse for sentencing purposes. Regarding merger, we have declared:

In order to find that separate statutory offenses merge, we must ... determine not only that the crimes arose out of the same criminal act, transaction, or episode, but also that the statutes defining the crimes charged were directed to substantially the same harm or evil. If we do not take both of these steps, we fail in our duty to effectuate the legislative mandate in carrying out statutory punishments.

Obviously if a defendant has committed several discrete criminal acts, he may be punished separately for each of them despite their close relationship in a single criminal episode, as long as each act is a separate injury in itself. If there are separate criminal acts, the first condition for application of the merger doctrine does not exist. Once a defendant commits an original crime, he is not permitted to compound the injuries he inflicts and then escape liability for additional crimes under the guise that they all were done in the same criminal transaction.... Even if the defendant's criminal conduct consists of a single physical act, however, the merger doctrine does not bar separate punishments if there are substantially different interests of the Commonwealth at stake and the defendant's act has injured each interest.

*Commonwealth v. Williams*, 344 Pa.Super. 108, 127–28, 496 A.2d 31, 42 (1985) (citations omitted); *see also Commonwealth v. Taylor*, 362 Pa.Super. 408, 524 A.2d 942 (1987).

Therefore, whether two charges shall be merged depends ultimately on the finding that there has been only one injury to the Commonwealth. *Williams, supra,* 344 Pa.Super. at 143, 496 A.2d at 50. Instantly, appellant was convicted of and sentenced separately for indecent assault and involuntary deviate sexual intercourse. These offenses are defined as follows:

**Indecent assault**

A person who had indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) He does so without the consent of the other person; . . .

(3) He knows that the other person is unaware that a indecent contact is being committed; . . .

\*　\*　\*　\*　\*　\*

**Involuntary deviate sexual intercourse**

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person: . . .

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution; . . .

(5) who is less than 16 years of age.

18 Pa.C.S.A. §§ 3126 and 3123.

In the case at bar, the record reflects that on several occasions appellant forced his victims to perform, and/or he performed, a variety of perverse sexual acts. We refuse to accept appellant's argument that each count of indecent assault is necessarily subsumed in the involuntary deviate sexual intercourse counts. Testimony elicited at trial indicated that each incident did not result in a single sexual act. Often, several perverse acts were performed during an encounter.[2] Therefore, we have no difficulty in finding acts

---

**2.** For instance, [J.L.] testified that on several occasions, appellant forced her to touch his penis and then perform fellatio. [J.L.] further testified that during these encounters, three other victims were present and were forced to "do the same things." Transcript at 80, 89.

which indicate that the two crimes were two separate criminal acts. *See Commonwealth v. Klinger*, 323 Pa.Super. 181, 470 A.2d 540 (1983) (separate offenses were indecent assault of fondling victim's breasts, involuntary deviate sexual intercourse was act of cunnilingus). This contention is without merit.

■ Next, appellant complains that the trial court abused its discretion in sentencing appellant to forty-to-eighty years imprisonment. Pa.R.A.P. 2119(f) requires that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence." *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 511, 522 A.2d 17, 20–21 (1987). Because appellant has failed to set forth a concise statement and the Commonwealth has objected to this omission, appellant's challenge to his sentence is waived. *Id.*

■ Finally, appellant claims that the trial court erred in allowing the Commonwealth to enter a whip into evidence because the whip's prejudicial impact outweighed its probative value. It is well established that to be admissible, evidence must be relevant and its prejudicial impact must not outweigh its probative value. *Commonwealth v. Clark*, 280 Pa.Super. 1, 421 A.2d 374 (1980). This Court opined in *Clark:*

"Relevant evidence then, is evidence that in some degree advances the inquiry, and thus has probative value, and is prima facie admissible." *Commonwealth v. Shoatz*, 469 Pa. 545, 564, 366 A.2d 1216, 1225 (1976); *Commonwealth v. Walzack*, 468 Pa. 210, 218, 360 A.2d 914, 918 (1976) (both quoting C. McCormick, Evidence § 185 at 437–38 (2d ed. 1972)).... Of course, the prejudicial impact of the evidence may outweigh its probative value, and the

In addition, appellant's daughter testified that on numerous occasions, appellant touched her "private parts" with his hands and mouth, in addition to attempting to have sexual intercourse with her. Transcript at 106–107, 114–115.

court may be moved to exclude the evidence on this basis. *Commonwealth v. Hickman,* 453 Pa. 427, 309 A.2d 564 (1973); *Commonwealth v. Quarles,* 230 Pa.Super. 231, 326 A.2d 640 (1974). In determining whether evidence is so remote that the prejudicial effect outweighs the probative value, the court has no fixed standard on which to rely, but must instead consider the nature of the crime, the evidence being offered and all attendant circumstances. *Commonwealth v. Kinnard,* 230 Pa.Super. 134, 326 A.2d 541 (1974). The trial judge's determination that evidence is not to remote to be admissible is within his sound discretion and will not be overturned absent an abuse. *Id.*

*Id.,* 280 Pa.Superior at 6–7, 421 A.2d at 376.

Our scrutiny of the record indicates that appellant garnered his victims' participation in the sexual acts by threat of corporal punishment. Testimony established that appellant repeatedly threatened the children with the whip. We find that the whip was relevant to establishing coercion and threat, required elements of the charged offenses. *See supra.* Therefore, our inquiry now becomes "whether the evidence is so prejudicial that it 'may inflame' the jury to make a decision based upon 'something other than the legal propositions relevant to the case.'" *Commonwealth v. Conway,* 368 Pa.Super. 488, 494, 534 A.2d 541, 544 (1987), quoting *Commonwealth v. Shain,* 324 Pa.Super. 456, 464, 471 A.2d 1246, 1249 (1984).

Scrutiny of the record indicates that the introduction of the whip could not have resulted in the jury being so aroused as to be unable to decide the case in an impartial manner. *Id.,* quoting *Commonwealth v. Hodge,* 270 Pa.Super. 232, 242, 411 A.2d 503, 508 (1979). The introduction of the whip was merely adding to and clarifying testimony already elicited regarding appellant's *modus operandi* for forcing the children to succumb to his sexual acts. Its introduction was not inflammatory and therefore, was not overly prejudicial. *See Conway, supra.* Accordingly, we

find that the trial court did not abuse its discretion in this regard.

The judgment of sentence is affirmed.