578 A.2d 4

**COMMONWEALTH of Pennsylvania**

v.

**Everett McLEAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 1990.

Filed Aug. 2, 1990.

24

Veronica A. Smith, Asst. Public Defender, Hermitage, for appellant.

Lorinda L. Hinch, Asst. Dist. Atty., Mercer, for Com., appellee.

Before OLSZEWSKI, MONTEMURO and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Mercer County after conviction for two counts each of unlawful delivery [1] and

1. 35 Pa.S.A. § 780–113(a)(30).

possession of cocaine.[2]   On appeal, appellant calls upon us to determine: (1) whether there was sufficient evidence to sustain the verdicts;  (2) whether the verdicts were against the weight of the evidence;  and (3) whether the sentence imposed was excessive.   For the following reasons, we affirm.

On April 12, 1989, following a jury trial, appellant was convicted of the above charges.   Timely post-verdict motions were filed and denied.   On December 29, 1989, appellant was sentenced to an aggregate term of four-and-one-half-to-nine-years imprisonment relating to the two counts of unlawful delivery of cocaine.   No further sentence was imposed as to the remaining counts.   Following denial of his motion to modify the sentence, appellant filed the instant appeal.

Appellant initially contends that the evidence was insufficient to support the verdicts.   We disagree.

Our standard of review regarding attacks on the sufficiency of the evidence is well-established.   In evaluating such a claim, we must view the evidence in the light most favorable to the verdict winner, here the Commonwealth, and drawing all reasonable inferences therefrom, we must determine whether a reasonable jury could have found that all of the elements of the crime charged were established beyond a reasonable doubt.   *Commonwealth v. Edwards*, 521 Pa. 134, 143, 555 A.2d 818, 823 (1989).

■   Instantly, the trial court aptly summarized the testimony as follows:

This case arises out of two (2) separate incidents where the defendant sold cocaine to an undercover Pennsylvania state trooper on December 11 and 28 of 1987.   The trooper testified that he personally purchased cocaine from the defendant on the two dates at the defendant's apartment and positively identified defendant as the man with whom he dealt.

**2.**   35 Pa.S.A. § 780–113(a)(16).

The trooper had been brought into the area to work undercover for the Region VII strike force with a confidential informant for the purpose of making under cover drug purchases. On December 11, 1987, the confidential informant took the trooper to the vicinity of 211 Mesabi Street, Sharon, Mercer county, Pennsylvania, where he was introduced to the defendant Everett McLean.

The evidence illustrated, in detail, the events surrounding the December 11, 1987 cocaine purchase. The trooper described that the lighting conditions inside of the apartment were good, enabling him to clearly identify the defendant (T.T. p. 46), as well as give detailed descriptions of the apartment, those in attendance and the defendant's movements before and after the drug purchases (T.T. p. 13). Trooper Jones stayed inside of the defendant's apartment for approximately five (5) to ten (10) minutes, at which time the defendant showed and eventually sold Trooper Jones two (2) packages of cocaine (1 gram) for $100.00.

A second drug purchase was made by the trooper from the defendant on December 28, 1987 also at 211 Mesabi Street (T.T. p. 20). When the trooper first arrived, defendant stated he was out of cocaine but could get some within one-half ($\frac{1}{2}$) hour. When the trooper returned, defendant sold him $\frac{1}{16}$ oz. for $150.00. Defendant also asked for a taste of what he had just sold ("a toot"), but the trooper responded he needed it all for his girlfriend and others.

In both transactions, defendant sold the cocaine readily and without reluctance; and the money and drugs passed directly between the defendant and the undercover trooper. Crime lab reports were placed into evidence, establishing that the first sale was of two (2) $\frac{1}{2}$ gram packets of cocaine and the second sale was of 1.69 grams of cocaine.

Trial court opinion of July 25, 1989, at pp. 2–3.

Our review of the record is in accord with the trial court's recitation of the facts. Keeping in mind our standard of

review, there is no question that a reasonable jury listening to the above testimony could have come back with verdicts of guilt as to each charge. Accordingly, we find, as did the trial court, that the evidence was indeed sufficient to sustain each conviction.

Nevertheless, appellant maintains that the verdicts were against the weight of the evidence. He argues that the informant, who originally identified him to the undercover police officer, was a "polluted" and "corrupt" source.[3] He also contends that the testimony of an alibi witness, which would have placed him at a different location during the second sale, effectively contradicted the Commonwealth's case. We disagree.

The determination whether to grant a new trial on the ground that the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982). Before a trial court may award a new trial on this ground, it must appear that the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative. *Commonwealth v. Gamber*, 352 Pa.Super. 36, 45, 506 A.2d 1324, 1329 (1986); *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). When the challenge to the weight of the evidence is predicated on the credibility of the trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence "is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture," *Commonwealth v. Farquharson*, 467 Pa. 50, 60, 354 A.2d 545, 550 (1976) (citations omitted), these types of claims are not cognizable on appellate review. *Id. See also Commonwealth v. Nelson*, 514 Pa. 262, 271 n. 3, 523 A.2d 728 n. 3 (1987) (except in cases where penalty of death is imposed, appellate court should not

3. The informant did not testify at trial; therefore, we fail to see how he could have had an effect, in any way, on the weight of the evidence.

28

entertain challenge to weight of evidence because examination is confined to "cold record").

*Commonwealth v. Hunter*, 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989).[4]

Keeping in mind this standard of review, we find appellant's claim meritless. Appellant is essentially saying that his alibi testimony is more credible than the testimony of the undercover police officer. Since this determination was properly one for the jury to consider, and in light of record as a whole, we cannot say that the verdict either shocked this Court's conscience or was based upon surmise or conjecture. Accordingly, we find no abuse of discretion on the part of the trial court in rejecting this claim.

Finally, appellant contends that his sentence was excessive as it was not tailored to the rehabilitative needs of the appellant nor to the protection of society. We disagree.

Appellant's challenge goes to the discretionary aspects of his sentence. As such, we must initially determine if appellant has complied with the rule announced in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). In *Tuladziecki*, our Supreme Court determined that under 42 Pa.C.S.A. § 9781(b), an appellate court may allow an appeal of the discretionary aspects of a sentence where a substantial question has been raised that the sentence imposed was not appropriate. The procedure to be utilized in order to comply with this section is found in Pa.R.A.P. 2119(f) which states:

(f) Discretionary aspects of sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for the allowance of appeal with respect to the discretionary aspects of a

4. We note that our Supreme Court has recently stated that "a challenge to the weight of the evidence is not appealable." *Commonwealth v. Wallace*, 522 Pa. 297, 315, 561 A.2d 719, 728 (1989). This statement was based upon a footnote found in *Commonwealth v. Nelson, supra*. Because neither of the Supreme Court decisions was based on this statement, and because the decision in *Nelson* does not *preclude* this Court from reviewing weight of the evidence claims, we shall review the merits of appellant's claim.

sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. No. 2119(f), 42 Pa.C.S.A.

Instantly, appellant has failed to comply with *Tuladziecki* and Rule 2119(f). Because the Commonwealth objects to this omission, we find appellant's claims to be waived. *Commonwealth v. Smith*, 375 Pa.Super. 419, 436, 544 A.2d 991, 999 (1988) (*en banc*); *Commonwealth v. Ross*, 375 Pa.Super. 176, 180, 543 A.2d 1235, 1237 (1988), *quoting Tuladziecki, supra.*[5]

Judgment of sentence affirmed.

---

**5.** Even had appellant met the 2119(f) requirements with respect to this case, this would not change the result. While the trial court correctly noted that the new guidelines are not applicable to this case, had they been applied, appellant's sentence on the first count of unlawful delivery would have fallen into the mitigated range, and the sentence on the second count would have fit into the standard range. In addition, the court explained that the sentences were appropriate here due to appellant's past criminal record and failure to mend his ways. Thus, since appellant's claims do not advance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code, or were contrary to the fundamental norms which underlie the sentencing process, no substantial question has been raised which would require our intervention. *See Commonwealth v. Hall*, 382 Pa.Super. 6, 16, 554 A.2d 919, 924 (1989). Therefore, for either reason, appellant's claims would fail.