J-S34009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE HERNANDEZ | |
| Appellant | No. 1403 MDA 2015 |

Appeal from the Judgment of Sentence July 16, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002954-2014

BEFORE: PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 22, 2016**

Appellant, Jose Hernandez, appeals from the judgment of sentence entered on July 16, 2015, in the Court of Common Pleas of Luzerne County. We affirm.

Appellant was arrested on August 1, 2014, after he brutally attacked Stefan Smith ("the victim") with a machete.[1] On August 4, 2014, the victim gave a signed statement to police identifying Appellant as his attacker. At trial, however, the victim prevaricated and stated that he could no longer recall the events that occurred on August 1, 2014, and refused to identify Appellant as his attacker. Without objection, the Commonwealth admitted the victim's prior statement into evidence. At the close of the

_____

[1] Appellant's sister and the victim have a child.

Commonwealth's case, Appellant moved for judgment of acquittal, which the trial court denied. The jury ultimately convicted Appellant of two counts of aggravated assault, one count of simple assault, and one count of recklessly endangering another person.[2] On July 16, 2015, the trial court sentenced Appellant to a term of six to twelve years' incarceration. Appellant did not file a post-sentence motion. This timely appeal followed.

Appellant's argument on appeal is two-fold:

Whether the lower/trial [c]ourt erred in determining that a curative instruction to the jury was unnecessary and not given regarding the statements given by Commonwealth witness Ste[f]an Andrew Smith, with respect to calling into question the grading of the charges pending before the [Appellant], and further by not granting [Appellant's] Motion for Acquittal based also on the recanted testimony of Stefan Andrew Smith?

Appellant's Brief at 2-3.

Appellant first argues that the trial court erred when it neglected to issue a curative instruction to the jury to disregard the statements the victim made pertaining to the potential grading of the crimes with which Appellant was charged. As aptly noted by the trial court, however, "defense counsel neither requested such an instruction, nor objected to its omission from the instructions actually given." Trial Court Opinion, 10/23/15 at 6. It is well-settled that to preserve a challenge to a particular jury instruction, a defendant must make a specific and timely objection, and his failure to do so

_____

[2] 18 Pa.C.S.A. §§ 2702(a)(1); 2702(a)(4); 2701(a)(1); and 2705, respectively.

results in waiver. *See* Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."); *see also* Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."). As Appellant did not request a jury instruction in this regard or otherwise objection to its omission, Appellant has waived this issue for purposes of appellate review.

Appellant's claim that the trial court erred when it permitted the victim to testify without an offer of proof is similarly waived, as defense counsel neither requested an offer of proof nor objected to its absence in the court below. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). To the extent that Appellant suggests that the trial court erroneously disregarded defense counsel's request to advise the victim of his Fifth Amendment right against self-incrimination, Appellant lacks standing necessary to raise such a complaint. *See Commonwealth v. Kinnard*, 326 A.2d 541, 544 (Pa. Super. 1974) ("[T]he right of a witness to refuse to testify on the ground that his testimony may incriminate him is a right personal to him alone. The person against whom the witness is called has no rights in relation to the matter."). Accordingly, we find Appellant's allegations of error with regard to the victim's testimony at trial are wholly without merit.

Appellant additionally argues that the trial court erred when it denied his motion for judgment of acquittal based on the victim's "recanted testimony." Appellant's Brief at 18. "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." ***Commonwealth v. Manley***, 985 A.2d 256, 271-272 (Pa. Super. 2009) (citation omitted). In reviewing a challenge to the sufficiency of the evidence, we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." ***Commonwealth v. Bibbs***, 970 A.2d 440, 445 (Pa. Super. 2009) (citation omitted).

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, [we] may not substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

***Id***. (citation and quotation marks omitted). "Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Scott***, 967 A.2d 995, 998 (Pa. Super. 2009).

- 4 -

Appellant argues that the Commonwealth failed to present sufficient evidence to establish that he was the perpetrator of the machete attack. At trial, the victim admitted that Appellant was in the apartment with him on the night in question, but denied remembering anything further. *See* N.T., Jury Trial, 5/20/15 at 25. The victim acknowledged giving a statement to the police, acknowledged that the contents of the statement fairly and accurately depicted what he told police, and acknowledged that the statement bore his signature. *See id*. at 27-32, 35. Although the victim identified Appellant as the perpetrator of the attack in the statement given to police on August 4, 2014, he alleged at trial that he was unable to recall the details of the attack and testified, "I'm not sure if he's the one who attacked me that night." *Id*. at 36.

The Commonwealth called Detective David Sobocinski, who confirmed that the victim identified Appellant as his assailant. *See id*. at 66. Additionally, the Commonwealth admitted into evidence and read into the record the victim's August 4, 2014 statement. *See id*. at 36, 67-68. Defense counsel did not object to the admission of the victim's prior inconsistent statement and he does not do so now on appeal. *See id*. at 36. The jury clearly credited the victim's prior statement, made only three days after the attack, over his recantation testimony at trial. *See Commonwealth v. Valentine*, 101 A.3d 801, 805 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015) (noting factfinder is free to believe all, part or none of the evidence presented). We may not substitute our judgment for that of the

factfinder. **See Bibbs**, **supra**. Thus, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, including the victim's prior statement, we do not hesitate to conclude that the evidence was sufficient to establish Appellant's identity as the perpetrator of the machete attack.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016

---

[3] Appellant additionally argues that the trial court erred in failing to instruct the jury regarding "any possible confusion specifically the differences between the written statement and the oral testimony given [b]y Commonwealth witness Stefan Andrew Smith and the recantation that was [p]resented before them." Appellant's Brief at 19. Our review of the record reveals that Appellant never requested such an instruction. Thus, his allegation of error is waived. **See** Pa.R.Crim.P. 647(B).