J-S33045-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| HECTOR RICO, | : | |
| | : | |
| Appellant | : | No. 1542 MDA 2016 |

Appeal from the Judgment of Sentence September 12, 2016
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000850-2015

BEFORE:    BENDER, P.J.E., OTT and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 28, 2017**

Hector Rico (Appellant) appeals from the judgment of sentence entered following his convictions for four counts of rape of a child, four counts of incest of a minor, one count of corruption of a minor, and one count of endangering the welfare of a child.  We affirm.

The aforementioned charges stem from Appellant's multiple rapes of his biological daughter (Victim).  At trial, Victim testified that when she was eleven years old and in fifth grade, Appellant engaged in vaginal intercourse with her.  Trial Court Opinion, 11/28/2016, at 1-2.  Thereafter, Appellant continued to force her to submit to sexual intercourse at least once a week, in various rooms throughout the residence occupied by Appellant, Victim and Victim's mother.  *Id.*  The abuse occurred while Victim's mother was at work.  These rapes continued until March 19, 2015, when Appellant instructed Victim to take a pregnancy test in response to her complaining

*Retired Senior Judge assigned to the Superior Court.

that her stomach hurt. *Id.* at 2. Upon discovering that Victim was pregnant, Appellant eventually admitted his wrongdoing to his Victim's mother and the police. Specifically, after initially denying his involvement by accusing Victim of engaging in sexual intercourse with him while he was asleep, he admitted that he engaged in sexual intercourse with Victim several times in her bed, his bed, and the bathroom shower. *Id.* Victim carried her baby to term, and according to the Commonwealth's forensic profiling expert, the probability of Appellant being the father was 99.9999 percent. *Id.*

Appellant was convicted of the aforementioned offenses following a jury trial, and, on September 12, 2015, he was sentenced to an aggregate term of 24 to 48 years of incarceration. Appellant did not file post-sentence motions, and timely filed this appeal.[1]

On appeal, it appears that Appellant is asking us to decide whether he may be sentenced on four counts of incest despite engaging in sexual intercourse with only one familial victim. We discern this issue from Appellant's summary of the argument and argument, as Appellant's brief does not include a "Statement of Questions Involved," which is required by Pa.R.A.P. 2111 and 2116. His brief also disregards the requirements of

---

[1] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement and Appellant complied. However, on appeal, Appellant abandoned both of the issues raised in his concise statement.

Pa.R.A.P. 2119(a) by failing to include a heading at the beginning of his argument stating in distinctive type or in type distinctively displayed the particular point treated therein.  Additionally, as the Commonwealth points out, Appellant did not include the issue regarding multiple counts of incest in his Pa.R.A.P. 1925(b) concise statement.

Normally, errors of this magnitude would result in waiver, and we caution Appellant that compliance with the Rules of Appellate Procedure is not optional.  Nevertheless, because Appellant appears to be raising a challenge to the legality of his sentence, we will proceed to review the merits.  *See Commonwealth v. Rossetti*, 863 A.2d 1185, 1193 (Pa. Super. 2004) ("While, ordinarily, we would find a claim to be waived because it was not raised in Appellant's 1925(b) statement, a challenge to the legality of sentence is never waived and may be the subject of inquiry by the appellate court *sua sponte*."); *Commonwealth v. Petterson*, 49 A.3d 903, 911 (Pa. Super. 2012) (noting that a challenge to a sentence on the grounds that multiple counts should have merged for sentencing purposes is a nonwaivable challenge to the legality of the sentence).

We summarize Appellant's argument as follows.  Despite having sexual intercourse with his daughter multiple times, Appellant argues that the four convictions for incest should have merged into a single incest charge for sentencing purposes because he engaged only in a single criminal act.

Appellant's Brief at 9. Based on the subheadings in the crimes code, Appellant asserts that unlike rape, which is a crime against an individual, the legislature intended the crime of incest to be a crime against the family, which occurs one time when a person engages in prohibited conduct with a family member. *Id.* at 11. He further argues that because the statute criminalizing incest prohibits marriage, cohabitation, and/or sexual intercourse with a family member, and marriage and cohabitation indicate a continuing course of conduct over time, the statute is violated just once when the actor engages in any of the three acts with a family member, even if the actor engages in sexual intercourse repeatedly. *Id.* at 10.

As this issue presents a question of law, our standard of review is *de novo* and the scope of our review is plenary. ***Commonwealth v. Davidson***, 938 A.2d 198, 203 (Pa. 2007).

The following principles regarding statutory interpretation guide our analysis.

> The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. In general, the best indication of the General Assembly's intent is the plain language of the statute. When reviewing the language of a statute, the words and phrases employed by the General Assembly shall be construed according to rules of grammar and according to their common and approved usage. When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute under the pretext of pursuing its spirit. Consequently, only when the words of a statute are ambiguous

should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors.

*Id.* at 216–17 (citations and quotation marks omitted).

To determine whether multiple charges merge with one another, we must examine the statute governing merger, which provides as follows.

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

Our Supreme Court has described the merger doctrine in the following fashion:

The purpose of the merger doctrine is double jeopardy-based, *i.e.*, to safeguard against multiple punishments for the same act. The test for sentencing merger is the same test utilized to decide whether more than one offense has been committed in the double jeopardy context. ...[T]he fact that this Court employs the same analysis in double jeopardy and sentencing merger cases is a function of the Double Jeopardy Clause's prohibition ... which protects against both successive punishments and successive prosecutions for the same offense. The United States Supreme Court has explained, however, that [e]ven if the crimes are the same[,] ... if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

*Davidson*, 938 A.2d at 217–18 (footnotes, citations, and quotation marks omitted).

Appellant was convicted of the following offense:

> (b) Incest of a minor.--A person is guilty of incest of a minor, a felony of the second degree, if that person knowingly marries, cohabits with or has sexual intercourse with a complainant who is an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood and:
>
> > (1) is under the age of 13 years….

18 Pa.C.S.A. § 4302(b)(1).

Appellant fails to convince us that he engaged in one single criminal act. By the plain language of the statute, a person commits incest of a minor when the person knowingly has sexual intercourse with a complainant who is both a descendant and under the age of 13 years. According to the evidence of record, which Appellant does not dispute in his brief, Appellant knowingly had sexual intercourse with his daughter when she was under the age of 13. Appellant committed this act multiple times. Nothing about the phrase "has sexual intercourse" suggests that a father may have sexual intercourse with his daughter *ad infinitum* but be punished for only one incestuous encounter. Criminals are not entitled to a "volume discount" on crime. **Commonwealth v. Anderson**, 650 A.2d 20, 22 (Pa. 1994).

The legislature's decision to criminalize marriage to and cohabitation with certain relatives within the same statute does not change the plain meaning of the words "has sexual intercourse."[2] There are three ways to

---

[2] In his brief, Appellant poses several unrelated hypotheticals regarding marriage and cohabitation, and argues that we should find Section 4302 void

violate the incest statute, as indicated by the disjunctive use of the word "or," and Appellant chose the third way to violate the statute and did so repeatedly. The statutory language does not reveal any legislative intent to prohibit prosecuting a defendant for more than one count of incest when the defendant subjected one victim to sexual intercourse on multiple occasions.

Appellant's argument that repeated engagement in sexual intercourse is a single act committed against the family is unconvincing. As this Court has pointed out previously, "[a]lthough incest is included in the chapter setting forth offenses against the family, the portion of the statute at issue here also involves sexual offenses." ***Commonwealth v. Fouse***, 612 A.2d 1067, 1069 (Pa. Super. 1992). While the purpose of the incest statute is to "lessen the chance of genetic defects while promoting the solidarity of the family unit," it also aims to protect "children from parental or familial sexual abuse." ***Commonwealth v. White***, 491 A.2d 252, 255 (Pa. Super. 1985). Appellant's interpretation of the statute ignores the plain language and

_____

for vagueness. Appellant's Brief at 10. Appellant fails to develop sufficiently this argument. He does not cite to specific sections of the United States or Pennsylvania constitution or any applicable law. Moreover, Appellant did not challenge the constitutionality of the statute in the trial court below or in his concise statement. Therefore, Appellant's claim that Section 4302 is unconstitutionally vague is waived. ***See*** Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(v); ***see also Commonwealth v. Diodoro***, 970 A.2d 1100, 1104 (Pa. 2009), ***quoting Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived.") and ***Commonwealth v. Bavusa***, 832 A.2d 1042, 1051–52 (Pa. 2003) ("If appellant had a constitutional objection to the statute ..., he was obliged to specifically forward it below.").

minimizes the sexual abuse endured by his daughter, who was victimized each time Appellant had sexual intercourse with her.

Moreover, this Court has not hesitated to uphold multiple convictions for incest when the perpetrator has committed more than one criminal act against a single child. **Commonwealth v. Northrip**, 945 A.2d 198 (Pa. Super. 2008) (affirming conviction of four counts of incest in connection with repeated sexual assaults against one familial victim and vacating the judgment of sentence on other grounds); **Commonwealth v. J.F.**, 800 A.2d 942, 944 (Pa. Super. 2002) (affirming judgment of sentence imposed after convictions for three counts of incest relating to sexual acts performed on two familial victims); **Commonwealth v. Ross**, 543 A.2d 1235, 1236 (Pa. Super. 1988) (affirming judgment of sentence imposed after convictions for two counts of incest in connection with discrete sexual acts performed on one familial victim).

Based on the foregoing, multiple punishment was properly imposed upon Appellant for committing multiple, independent violations of Section 4302(b)(1). **See Petterson**, 49 A.3d at 912 (holding that where a defendant commits multiple distinct criminal acts, the concept of merger for sentencing purposes does not apply); **Davidson**, 938 A.2d at 218–19 (same).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2017