800 A.2d 942 (2002)
COMMONWEALTH of Pennsylvania, Appellee,
v.
J.F., Appellant.
Superior Court of Pennsylvania.
Argued January 15, 2002.
Filed May 30, 2002.
*943 Gary Lysaght, Harrisburg, for appellant.
Todd R. Williams, Asst. Dist. Atty., Chambersburg, for Com., appellee.
Before STEVENS, TODD, and CAVANAUGH, JJ.
STEVENS, J.
¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Franklin County on December 6, 2000, following Appellant's conviction by a jury of six (6) counts of rape,[1] three (3) counts of statutory sexual assault,[2] *944 twelve (12) counts of aggravated indecent assault,[3] five (5) counts of indecent assault,[4] nine (9) counts of involuntary deviate sexual intercourse,[5] and three (3) counts of incest.[6] We affirm.
¶ 2 Between February, 1994 and May, 1999, Appellant committed numerous sexual acts upon his teenage daughters, A.M.F. and L.M.F. Based thereon, Appellant was charged with various sexual offenses. Upon motion of the Commonwealth, and without objection by Appellant, the charges in connection with A.M.F. and L.M.F. were joined for trial. Immediately preceding trial, but outside the presence of the jury, the Commonwealth requested and was granted leave to amend the dates contained in the majority of the criminal informations. Following a jury trial, Appellant was found guilty of the above offenses and, on December 6, 2000, he was sentenced, inter alia, to an aggregate twenty (20) to forty (40) year term of imprisonment.
¶ 3 Thereafter, Appellant filed a post-sentence motion requesting a new trial, and a petition seeking release on bail pending appeal. By Opinion and Order dated February 21, 2001, the court denied Appellant's petition. As to Appellant's post-sentence motion, pursuant to Pa. R.Crim.P. 1410(B)(3),[7] the motion was denied by operation of law on May 24, 2001. The present appeal followed.[8]
¶ 4 Herein, Appellant contends that trial counsel was ineffective for failing to object to the Commonwealth's motion to amend the criminal informations against him and argues that the amendments improperly enlarged the period of time of Appellant's alleged criminal activity, to his prejudice. In addition, he claims that counsel should have requested a continuance to investigate a possible alibi or alternative defense.
¶ 5 The Supreme Court has set forth the standard to be applied in assessing ineffective assistance of counsel claims as follows:
This Court has long held that counsel is presumed to have rendered effective assistance, and the defendant has the burden to prove otherwise. In order for a defendant to obtain relief based on ineffective assistance of counsel, the defendant must show: (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the defendant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced the defendant. (i.e., but for counsel's ineffectiveness, there is a reasonable possibility that the outcome of the proceedings would have been different).
Commonwealth v. Begley, 566 Pa. 239, 280, 780 A.2d 605, 630 (2001) (citations omitted). "[W]here ... a petitioner fails to prove prejudice, a claim of ineffective assistance of counsel may be rejected upon that basis alone." Commonwealth v. Williams, 557 Pa. 207, 230, 732 A.2d 1167, 1179 (1999) (citation omitted).
¶ 6 With regard to Appellant's claims concerning the amendments to the informations, *945 Pennsylvania Rule of Criminal Procedure 229 provides as follows:
The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.
Pa.R.Crim.P. 229.[9]
¶ 7 This Court has stated that the purpose of the above Rule "is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." Commonwealth v. Davalos, 779 A.2d 1190, 1194 (Pa.Super.2001). The test to be applied is:
[W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.
Id. (citing Commonwealth v. Stanley, 265 Pa.Super. 194, 401 A.2d 1166, 1175 (1979)).
¶ 8 In the present case, neither additional charges nor a different set of events were added to the informations. Rather, the offenses set forth in the amendments involved the same basic elements and the same factual situations as specified in the original informations. See Id. The amendments merely changed the dates of the majority of the charges lodged against Appellant. As succinctly pointed out by the trial court:
[T]he dates were not substantially changed. In criminal action number 1441 of 1999 [pertaining to offenses against A.M.F.], all of the charges that were amended had an original start date of December 23, 1994 and an end date of May 31, 1999. Five of the nine amended counts changed the start date to May 31, 1995 and the end date remained the same, narrowing the time frame approximately five months. Two other amended counts changed the start date to May 31, 1995 and changed the end date to December 23, 1998, again narrowing the time frame. Finally, the two remaining counts that were amended changed the start to February 14, 1994 and left the end date unchanged. In sum, all but two of the amendments actually narrowed the time frame of the events and while two counts expanded the time frame of the alleged events, the approximate ten-month increase is a de minimus change when measured against the backdrop of an almost five-year period.
In criminal action 1442 of 1999 [pertaining to offenses against L.M.F.], all of the amendments originally had a start date of February 14, 1995 and an end date of May 31, 1996. Fourteen of the twenty-two amended counts increased the time frame by approximately three months, modifying the start date to November 1, 1994 and leaving the end date unchanged. The remaining eight amended counts, conversely narrowed *946 the time frame by altering the start date to May 31, 1995. Again while the majority of the amendments increased the time frame for the alleged events, it was only an approximate three-month gain.
Opinion dated 7/16/01 at 5.
¶ 9 In support of Appellant's contention that it was improper to allow the informations to be amended, and counsel was ineffective for failing to object thereto, Appellant merely states that he, trial counsel, and his witnesses were prepared to proceed to trial and present testimony relevant to the initial dates set forth in the informations. He does not state that he was unprepared to proceed or, in any way, prejudiced by the amended dates. See Williams, supra. As such, Appellant's claim of ineffective assistance of counsel predicated on this basis is without merit.[10]
¶ 10 Finally, Appellant contends that the trial court erred in allowing Commonwealth counsel to question Appellant's wife on cross-examination regarding charges pending against her, which involved the same misconduct and incidents as that of Appellant. Specifically, Appellant asserts that the Commonwealth questioned her as to whether she forced the victims to drink soap, hot sauce, and pepper, and slapped them so as to cause nosebleeds.
¶ 11 We note that "[t]he scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion." Commonwealth v. Morgan, 559 Pa. 248, 251, 739 A.2d 1033, 1035 (1999).
¶ 12 In the present case, a review of the notes of testimony reveals that on direct examination, R.F., the wife of Appellant and stepmother of the victims, testified as to her friendship and close relationship with the victims. See N.T. 9/14/00 at 156-164, 169-170. She then went on to discuss a problem that developed with A.M.F. in that when she entered high school, she began lying and stealing. R.F. stated that, as a result of A.M.F.'s behavior, various forms of disciplinary action were taken. R.F. noted argument portion of his brief. As such, that A.M.F. was often grounded to her room, Id. at 166; and, when asked by defense counsel if there came a time when she had to resort to discipline that was physical, R.F. responded, "When she began lying directly to my face I had taken and slapped her... [and Appellant] had paddled her." Id. Thereafter, upon cross-examination, the following exchange transpired between Commonwealth counsel and R.F.:
Q [Commonwealth counsel] Do you consider yourself a caring nurturing stepmother?
A [R.F.] Yes, I do.
Q Isn't it true that part of your response to some of the problems you may have been having with [A.M.F.] was to make her drink a mixture of hot sauce and black pepper?
A For lying.
Q That's what you made her do, correct?
A That was for
Q Is that what you made her do?
A Yes, a small mixture, yes.
....
Q So, okay, so there were two incidents in January and March of '99 that as punishment for lying you forced her *947 to drink a mixture of hot sauce and pepper on the one time and pepper hot sauce and dish soap on the other time, isn't that true?
A Asked her to.
Q You asked her?
A The one time and the one time
Q She just voluntarily drank this stuff down?
A One time she did, yes. The second time I took my hand and I said come on, [A.M.F.], you need to drink this, you have lied to me.
Q You made her drink
A With my hand I approached her. I did not take it to her lips and turned the cup flow
Q You have also had arguments with [A.M.F.] about things, correct?
A Correct.
Q And in March of 1998 during your argument [with A.M.F.] isn't it true that you slapped her in the face to the point where it caused her nose to bleed?
A I have never seen her nose bleed.
Q Do you recall speaking to Trooper Ford about these matters?
A Yes, I did.
Q In June of 1999?
A Yes, I did.
Q You don't recall mentioning to him that you had argued with her, slapped her in the face and did see a few drops of blood come from her nose?
A Drops of blood, not profusely bleeding.
Q You don't consider drops of blood coming from her nose bleeding? I asked you did you observe her nose?
A When I think of a nose bleed I think of like gushing blood.
Q So you did slap her in March of '98 and you did see blood come from her nose?
A Two drops.
Id. at 183-185.
¶ 13 Appellant contends that the above questions posed by Commonwealth counsel were both prejudicial and irrelevant. As to his claim of prejudice, he fails to specify how he was prejudiced by the questions. In addition, with regard to the relevancy issue, the trial court stated that "the subject matter [in question] was brought up during [R.F.'s] direct examination. Indeed, [R.F.] testified that she slapped one of the victims after she had lied to her face. (Trial Transcript at 166)." As concluded by the trial court, "the record demonstrates that the Commonwealth clearly stayed within the scope of R.F.'s direct examination and the questioning was hence inherently relevant since the door had been opened." Opinion filed 7/16/01 at 7-8.
¶ 14 We find that the court did not abuse its discretion in allowing Commonwealth counsel to pursue the above-discussed cross-examination of R.F. As such, Appellant's claim in this regard is without merit.
¶ 15 Based on the foregoing, the judgment of sentence is affirmed.
¶ 16 Affirmed.
NOTES
[1] 18 Pa.C.S.A. § 3121.
[2] 18 Pa.C.S.A. § 3122.
[3] 18 Pa.C.S.A. § 3125.
[4] 18 Pa.C.S.A. § 3126.
[5] 18 Pa.C.S.A. § 3123.
[6] 18 Pa.C.S.A. § 4302.
[7] Rule 1410 was renumbered as Rule 720, effective April 1, 2001.
[8] Pursuant to the court's order to do so, Appellant filed a statement of matters complained of on appeal, to which the court issued an Opinion in accordance with Pa.R.A.P. 1925(a).
[9] Rule 229 was renumbered as Rule 564, effective April 1, 2001.
[10] We note that, although Appellant claims in his Statement of Questions Presented that defense counsel should have requested a continuance to investigate possible alibi or alternative defenses, he does not address or even allude to this contention in the argument portion of his brief. As such, this claim is deemed waived. See Commonwealth v. Long, 753 A.2d 272, 278-279 (Pa.Super.2000).