J-S23009-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN ISANSKI, | : | |
| | : | |
| Appellant | : | No. 430 EDA 2014 |

Appeal from the Judgment of Sentence January 9, 2014,
Court of Common Pleas, Chester County,
Criminal Division at No. CP-15-CR-0004593-2009

BEFORE:  DONOHUE, SHOGAN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MAY 18, 2015**

Stephen Isanski ("Isanski") appeals from the judgment of sentence entered following his conviction of resisting arrest, 18 Pa.C.S.A. § 5104.  We affirm.

We summarize the relevant factual history as follows.  At approximately 12:15 in the morning on September 30, 2009, Sergeant Wayne O'Connell responded to a radio call for a domestic dispute at Isanski's residence.  N.T., 12/4/13, at 31, 55.  The call indicated that the parties were intoxicated and that a woman had been injured in the dispute.  *Id.* at 55. As Sergeant O'Connell proceeded to the location, he called for back-up.  *Id.* at 59.  When he arrived, he first encountered the injured woman sitting on the steps of a building next to Isanski's residence.  *Id.*  She was crying hysterically and bleeding from her left hand.  *Id.* at 62.  Sergeant O'Connell

---

*Retired Senior Judge assigned to the Superior Court.

asked her what happened and she told him that Isanski assaulted her. *Id.* at 62-63. Sergeant O'Connell proceeded toward Isanski's residence. As he approached the steps to Isanski's front door, Isanski opened the door and screamed at Sergeant O'Connell to "[g]et that fucking bitch off of my property." *Id.* at 64. Sergeant O'Connell told Isanski that the woman was injured and asked Isanski what happened. *Id.* at 65. Isanski responded by screaming that he "[was] not saying any fucking thing" to Sergeant O'Connell and attempted to shut the door. *Id.* Sergeant O'Connell stopped the door from shutting with his foot and grabbed Isanski's wrist.[1] *Id.* Isanski pushed the Sergeant, the force of which caused the men to end up in the grass in front of Isanski's residence. *Id.* at 66. At this time Sergeant O'Connell told Isanski that he was being detained and attempted to place handcuffs on him. *Id.* Isanski struggled with Sergeant O'Connell, ultimately requiring Sergeant O'Connell to sweep Isanski's leg out from under him, pin Isanski to the ground with all of his force, and struggle with him for approximately two minutes before he could place him in handcuffs. *Id.* at 66-70. During the struggle, Isanski struck Sergeant O'Connell a second time, which prompted the Sergeant to tell Isanski that he was under arrest. *Id.* at 67. Throughout the altercation, Isanski responded, "Fuck you, Wayne" to Sergeant O'Connell's directives. *Id.* at 41.

---

[1] Sergeant O'Connell felt that for his safety and to control the situation, he could not allow Isanski to retreat into his residence where he might have had weapons. N.T., 12/4/13, at 65-66.

Prior to trial, Isanski filed a motion in limine seeking, among other things, that the jury be given the following instruction:

> Whether a person who knocks on someone's door and requests an opportunity to speak is a police officer or a private citizen, the occupant has no obligation to open the door or to speak. Furthermore, even if that occupant chooses to open the door and speak with the officers, the occupant need not allow the officers to enter the premises and may refuse to answer any questions at any time.

Motion in Limine, 11/27/13, at 5. The trial court denied Isanski's request for this instruction. N.T., 12/5/13, at 3-4. The jury found Isanski guilty of resisting arrest and the trial court sentenced him to one month of probation and a $150 fine.

This timely appeal follows, in which Isanski challenges only the trial court's denial of his requested jury instruction. Isanski's Brief at 4, 7.[2] The record reveals, however, that Isanski's counsel did not object to the trial court's failure to include this point at the time it charged the jury. N.T., 1/17/13, at 184. Accordingly, this issue has been waived. ***See Commonwealth v. Sanchez***, 82 A.3d 943, 978 (Pa. 2013) (holding that

---

[2] When the trial court denied the jury instruction Isanski sought in his motion in limine, his counsel requested an alternative instruction. N.T., 12/5/13, at 4. The trial court denied this request as well. ***Id.*** at 5. In his appellate brief, Isanski's statement of question involved indicates that he is challenging the trial court's denial of his request for this alternative charge as well; however, he has not presented argument in support thereof. Accordingly, his challenge to the denial of the alternative jury instruction has been waived. ***See Commonwealth v. J.F.***, 800 A.2d 942, 946 n.10 (Pa. Super. 2002) (holding that an issue set forth in statement of questions but with no corresponding argument in brief is waived).

even where trial court denies request for specific charge at charging conference, party must make a specific objection to its omission when charge is given to preserve the issue for appeal).

Even if this issue had not been waived, it would not prevail.[3] Isanski argues that he was entitled to the requested charge set forth above because Sergeant O'Connell "approached and entered into [his] home without a warrant and not in possession of exigent circumstances." Isanski's Brief at 9. This argument cannot succeed because there is no evidence that Sergeant O'Connell knocked on Isanski's door or entered Isanski's home. To the contrary, the uncontroverted evidence establishes that Isanski initiated the interaction with Sergeant O'Connell and that Sergeant O'Connell never entered the home. *See* N.T., 12/5/13, at 63-69. Accordingly, there was no basis for an instruction regarding a citizen's right to not answer his door and speak with a police officer. *See Commonwealth v. Houck*, 102 A.3d 443, 451 (Pa. Super. 2014). (holding that the trial court is required to instruct the jury only as to the applicable law of the case); *see also Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1257 (Pa. Super. 2014) ("[A] trial court should not instruct the jury on legal principles which have no application to the facts

---

[3] "In deciding whether a trial court erred in refusing to give a jury instruction, we must determine whether the court abused its discretion or committed an error of law." *Commonwealth v. Clouser*, 998 A.2d 656, 658 (Pa. super. 2010).

presented at trial.").  We therefore find no error in the trial court's refusal to give the requested jury instruction.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2015