J-S33025-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS GIBBONEY, | : | |
| | : | |
| Appellant | : | No. 1904 EDA 2014 |

Appeal from the PCRA Order June 2, 2014,
Court of Common Pleas, Chester County,
Criminal Division at No. CP-15-CR-0003626-2012

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:

**FILED JUNE 23, 2015**

Douglas Gibboney ("Gibboney") appeals pro se from the order of court dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and permitting his court-appointed counsel to withdraw. For the following reasons, we affirm.

On January 10, 2013, Gibboney pled guilty to one count of driving under the influence ("DUI"), 75 Pa.C.S.A. § 3802(c), and one count of driving under suspension, DUI related ("DUS"), 75 Pa.C.S.A. § 1543(b)(1.1)(iii).[1] He was sentenced to one to five years of incarceration on the DUI charge and a mandatory term of two to five years on the DUS

---

[1] This statute provides as follows: "A third or subsequent violation of this paragraph shall constitute a misdemeanor of the first degree, and upon conviction thereof the person shall be sentenced to pay a fine of $5,000 and to undergo imprisonment for not less than two years." 75 Pa.C.S.A. § 1543(b)(1.1)(iii).

charge. Gibboney made no attempt to withdraw his guilty plea or appeal his judgment of sentence.

On December 23, 2013, Gibboney sent a letter to the trial court asking for appointed counsel for purposes of a PCRA petition. The trial court granted Gibboney's request and appointed Robert Brendza, Esquire ("Counsel"), to represent Gibboney. Rather than file an amended PCRA petition, Counsel filed a motion seeking to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On April 8, 2014, the trial court granted Counsel's request to withdraw and gave Gibboney notice of its intent to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907. Gibboney sent three pro se letters in response thereto. The trial court concluded that these letters raised no additional issues or facts that would entitle Gibboney to relief, and on June 2, 2014, it dismissed Gibboney's PCRA petition. This timely appeal follows.

In his brief on appeal, Gibboney sets forth ten issues in his statement of questions involved, but presents argument as to only two issues in the argument section of his brief. **See** Gibboney's Brief at 3-4, 16-18. All issues that Gibboney included in his statement of questions involved but for which he did not provide argument are waived. **See Commonwealth v. J.F.**, 800 A.2d 942, 946 n.10 (Pa. Super. 2002) (holding that an issue set forth in statement of questions involved but with no corresponding argument in brief

is waived). Furthermore, Gibboney did not include the first issue he presents in the argument section of his brief in his court-ordered statement of matters complained of on appeal in his Pa.R.A.P. 1925(b) statement, and so it, too, has been waived. ***Commonwealth v. Jackson***, 10 A.3d 341, 347 n.4 (Pa. Super. 2010); Pa.R.A.P. 1925(b)(4)(vii).

The only remaining, properly preserved claim is that the PCRA court erred in denying Gibboney's request for discovery in conjunction with his PCRA action.[2] Gibboney's Brief at 17. An appellate court reviews the PCRA court's denial of discovery for an abuse of discretion. ***See Commonwealth v. Reid***, 99 A.3d 470, 486 (Pa. 2014).

Pennsylvania Rule of Criminal Procedure 902 provides, in relevant part, that "[e]xcept as provided in paragraph (E)(2) [relating to a first, counseled petition in a death penalty case], no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). "[M]ere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery." ***Commonwealth v. Frey***, 41 A.3d 605, 612 (Pa. Super. 2012).

---

[2] This request came in one of the letters Gibboney sent in response to the Pa.R.Crim.P. 907 notice of intent to dismiss.

The only discernable allegation Gibboney makes in support of his claim is that "errors may have been made on PCRA[.]" Gibboney's Brief at 17.[3] He does not allege, much less establish, "exceptional circumstances" so as to permit discovery pursuant to Rule 902(E)(1). Gibboney's claim is "mere speculation" that there may be exculpatory evidence, and this is not sufficient to grant his request. We therefore find no abuse of discretion in the PCRA court's determination.

Finally, while this appeal was pending, Gibboney filed a document titled "application for remand," in which he claims that this appeal cannot be decided without an evidentiary hearing on the issues he raised below. We disagree, as we have found the issues he has raised waived or without merit. Accordingly, we deny Gibboney's request.

Order affirmed. Application for remand denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

[3] To the extent that Gibboney attempts to raise a due process violation claim in connection with the PCRA court's denial of his request for this information, this claim is waived for his failure to raise it in his Rule 1925(b) statement or at any point before the PCRA court. **See Jackson**, 10 A.3d at 347 n.4; **Commonwealth v. Haughwout**, 837 A.2d 480, 486 (Pa. Super. 2003) (issues, even of constitutional dimension, are waived if not raised in the court below).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015