J-S21009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY STEHLEY | |
| Appellant | No. 861 WDA 2016 |

Appeal from the Judgment of Sentence May 4, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000200-2013,
CP-07-CR-0000465-2014

BEFORE:  LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 16, 2017**

Gary Stehley appeals from the judgment of sentence, entered in the Court of Common on Pleas of Blair County, following his conviction of multiple sex offenses against two of his children.[1]  After our review, we affirm.

On December 4, 2015, the court sentenced Stehley to fifteen to thirty years' imprisonment.  That judgment of sentence was entered on May 4,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Stehley was convicted of two counts of rape of a child, 18 Pa.C.S.A. § 3121(c); two counts of involuntary sexual intercourse with a child, 18 Pa.C.S.A. § 3123(b); three counts of indecent assault of a person less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7); two counts of corruption of minors-sexual offense, 18 Pa.C.S.A. § 6301(a)(1); and incest, 18 Pa.C.S.A. § 4302.

2016, and Stehley filed a timely notice of appeal. He raises the following issue for our review:

> Whether the trial court erred in allowing the Commonwealth to amend the criminal information at CR 465-2014 multiple times both prior to and during trial and whether the trial court erred in determining that the serial amendments of the criminal information by the Commonwealth prior to and during trial did not prejudice [Stehley]?

Appellant's Brief, at 4.

Pennsylvania Rule of Criminal Procedure 564 permits amendment of an information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006).

Here, the complaint alleged the sexual assaults occurred on or about January 1, 2012 to March 1, 2012. The criminal information at 465-2014 charged that the sexual offenses against the younger victim, who was seven years old at the time, occurred on or about Sunday, January 1, 2012. On October 9, 2014, the Commonwealth sought amendment pursuant to Pa.R.Crim.P. 564 to reflect that the sexual abuse occurred on or about January 1, 2012 to March 1, 2012. Stehley did not object to this motion.

At the start of trial, on September 8, 2015, the Commonwealth filed a second motion to amend the information. The Commonwealth argued that the testimony would reflect that the weather was hot when the abuse occurred against the younger victim, that the younger victim had turned seven years old in September 2011, and that the victims and their mother had moved out of the family home by January 27, 2012. The court deferred its ruling until after it heard the evidence. Thereafter, the court granted the Commonwealth's motion to amend the information.

Stehley argues that the court erred in permitting the Commonwealth's amendment because it enlarged the dates between which the criminal acts allegedly occurred against the younger victim, from January to March of 2012, to September 2011 to January 27, 2012, and, therefore, he was prejudiced. Stehley claims that this expanded time period affected his alibi defense -- that he was at work every weekday between the hours of 3:00 p.m. and 11:30 p.m. from January 1, 2012 through March 1, 2012. This claim is meritless.

At the start of trial, the Commonwealth and Stehley entered into a stipulation with respect to Stehley's alibi. Stehley's counsel stated the following on the record, and in the presence of the jury:

> I just want to indicate, as Judge Milliron mentioned, there is a stipulation that has been entered into between the defense and the Commonwealth. I appreciate the Commonwealth's agreeing to this. It makes things a lot easier and timely for everyone involved. **My client was employed with the Altoona Area School District at the relevant time frames involved in the Criminal Complaint involving [D.S]. Specifically, the**

J-S21009-17

**Commonwealth is alleging that these incidents occurred between September of 2011 and January 27, 2012.** The stipulation is that my client worked. Margaret McMinn from the Department of Human Resources at the Altoona School District would testify, if called upon, that **my client worked every single day Monday through Friday from 3 p.m until approximately 11:30 p.m. during this time period. That is, again, September of 2011 through and including January 27, 2012.**

N.T. Jury Trial, 9/10/15, at 54 (emphasis added).

This Court has stated:

When a challenge is raised to an amended information, the salient inquiry is [w]hether the crimes specified in the original ... information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended ... information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1008–09 (Pa. Super. 2014) (internal citations omitted). Further, "relief is warranted only when the amendment to the information prejudices a defendant." *Commonwealth v. Page*, 965 A.2d 1212, 1224 (Pa. Super. 2009).

In *Page*, we stated that the factors to be considered when determining whether a defendant was prejudiced by the Commonwealth's amendment include: "whether the amendment changes the factual scenario; whether new facts, previously unknown to appellant, were added; whether the description of the charges changed; whether the amendment

- 4 -

necessitated a change in defense strategy; and whether the timing of the request for the amendment allowed for ample notice and preparation by [defendant]." *Id.* The purpose of Rule 564 "is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa. Super. 2001).

Here, the amendment clearly did not affect Stehley's alibi defense. The Commonwealth agreed to a stipulation that accommodated the expanded timeframe. Further, the amendment brought no new charges and changed no elements of any of the charges. The amendment did not alter the fact that Stehley was on notice of the criminal conduct charged, nor did it alter his defense strategy. *See Commonwealth v. J.F.*, 800 A.2d 942, 945 (Pa. Super. 2002) (informations charging defendant with rape and other sexual offenses against minors was properly amended to change dates of majority of charges; neither additional charges nor different set of events was added to informations). Further, in light of the special difficulties in ascertaining specific dates in cases of ongoing sexual abuse, the Commonwealth is afforded a measure of latitude, particularly when the cases involve a young child. *See Commonwealth v. Groff*, 548 A.2d 1237 (Pa. Super. 1988).

We agree with the trial court's determination that Stehley was not prejudiced by the amendments, and we conclude no relief is warranted. *Page*, *supra*.   We, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017