J-S69013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARNELL  GREEN | : | |
| | : | |
| Appellant | : | No. 2280 EDA 2018 |

Appeal from the Judgment of Sentence Entered February 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012283-2014

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED:  APRIL 23, 2021**

Appellant, Carnell Green, appeals from the judgment of sentence entered on February 12, 2018.  Following a jury trial, Appellant was found guilty of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, indecent assault of a person less than thirteen years of age, and indecent exposure.[1] After careful review, we affirm the judgment of sentence.

The trial court set forth the following factual recitation:

> During the course of a two-day trial, Appellant's stepdaughter, A.E., testified to a protracted pattern of sexual abuse by Appellant–a series of events that began when A.E. was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 6318(a)(1), 4304(a)(1), 3126(a)(7) and 3127(a), respectively.

about eight years old and continued until she was eleven. (N.T. 8/16/17 at 20, [63]). A.E. described several occasions when Appellant took A.E. to the bathroom and forced her to perform oral sex on him. (Id. at 55-58). On one occasion, when A.E. was ten, Appellant's behavior escalated; A.E. testified that Appellant went into her bedroom, undressed her, and tried to force his penis into her vagina. (Id. at 59-60, 76). A.E. explained that the incident was very physically uncomfortable and caused her to feel "pressure and pain" in her vaginal area. (Id. at 59, 61). At some point, when A.E. was eleven years old, Appellant moved out of her family's home. (Id. at 63). Shortly after he moved, Appellant called A.E. on her mother's cellphone. (Id.). During their conversation, Appellant told A.E. that he was going to book a hotel room for the two of them; he also asked her whether she "remembered what he taught her" and told her that he wanted her "to show him what he taught her." (Id. at 25, 63-64). A.E. did not see or hear from Appellant after that phone call. Eventually A.E. disclosed the abuse to a school teacher. (Id. at 64-66). School officials contacted the authorities, and Appellant was arrested shortly thereafter.

Trial Court Opinion, 10/9/20, at 3-4.

The trial court set forth the following procedural history:

On August 17, [2017], following a jury trial, [Appellant] was convicted of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, indecent assault of a person less than thirteen years of age, and indecent exposure. On February 12, 2018, Appellant received an aggregate sentence of fifteen to thirty years of incarceration, followed by fifteen years of reporting probation.

Following a filing error by Appellant's appointed trial counsel, Appellant's appellate rights were reinstated *nunc pro tunc* by this court on July 10, 2018. (Order Jul. 10, 2018). Appellant filed a notice of appeal on July 12, 2018 and an amended notice of appeal on July 20, 2018. On July 24, 2018, this court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On August 15, 2018, Appellant filed a motion for an extension of time to file his statement, which this court granted on August 16, 2018. Appellant filed a timely statement on February 14, 2019, raising the following issues:

1.  At trial the evidence presented against Appellant was very vague and sketchy, including not a single specific date or time of any incident, and lacking in particularity to justify the prosecution.

2.  The lack of specificity prevented Appellant from locating alibi witnesses or to present [sic] an adequate defense.

In its opinion dated March 14, 2019, this court found that all issues on appeal were waived, as Appellant's 1925(b) statement was facially insufficient and failed to raise any claim that could be meaningfully addressed by this court. The Superior Court agreed. See Commonwealth v. Green, No. 2280 EDA 2018, 2020 WL 1079263, at *3 (Pa. Super. Ct. Mar. 6, 2020). In its opinion dated March 6, 2020, the Superior Court (1) found that appellate counsel's woefully imprecise 1925(b) statement constituted per se ineffectiveness and (2) remanded the case for the appointment of new counsel. The Superior Court further ordered new appellate counsel to file a 1925(b) statement "within twenty-one days of appointment." Id.

On March 9, 2020, this court issued the following order:

> AND NOW this 9th day of March 2020, pursuant to the Superior Court's opinion and order, **IT IS ORDERED** that new counsel is to be appointed for Defendant-Appellant in the above caption matter. It is further ordered that new counsel shall filed a new Pa.R.A.P. 1925(b) statement within twenty-one (21) days of appointment.

(Order Mar. 9, 2020). For reasons that are not apparent to this court, the First Judicial District Court Appointments Unit did not appoint counsel, Mark D. Mungello, Esq., until July 23, 2020.

By September 11, 2020, fifty days after counsel's appointment, counsel had neither sought an extension of time nor filed a new 1925(b) statement. Consequently, this court (in the interests of expediency and fairness to Appellant) issued a second order granting counsel an additional twenty-one days to file a statement:

> AND NOW, this 11ᵗʰ day of September 2020, Carnell Green, through counsel, is hereby **ORDERED to immediately comply with this court's 1925(b) Order, dated March 9, 2020**. Appellant must file a Statement of Errors Complained of on Appeal **no later than twenty-one days (21) days from the date of this Order's entry on the docket**, in compliance with Pennsylvania Rule of Appellate Procedure 1925(b). Failure to timely file a Rule 1925(b) Statement of Matters Complained of on Appeal will result in the issuance of a <u>Lord</u> opinion.

(Order Sept 11, 2020) (footnote omitted).

On October 1, 2020, appellate counsel filed a statement of errors, asserting the following claims:

1.    The evidence presented by the Commonwealth was insufficient to convict Appellant of the crimes that he was found guilty of.

2.    The verdict that was rendered against Appellant was against the weight of the evidence.

3.    Appellant's attorney, Shawn K. Page, was ineffective in his opening argument by implying to the jury that Appellant might be guilty of a "heinous" crime, the rape of a child.

4.    Appellant reserves the right to present additional errors to be presented on appeal once his court appointed attorney, Mark D. Mungello, Esquire, who did not represent Appellant at trial, has been granted an additional twenty-one (21) days to further review the entire record of this matter.

On October 2, 2020[,] twenty-one days after this court filed a second 1925(b) order appellate counsel also filed a request for an extension of time to file a 1925(b) statement. Counsel's sole justification for his request was that he could not "explain how he lost track of his appointment in this case." (Mot. Extension Time at ¶ 2).

Trial Court Opinion, 10/9/20, at 1-3 (emphases in original) (footnote omitted). The trial court filed an Order and Opinion on October 9, 2020, addressing the issues raised in Appellant's Pa.R.A.P. 1925(b) statement and denying Appellant's request for an extension of time. *Id*. at 4.

After seeking and receiving multiple extensions to file his appellate brief with this Court, Appellant filed it on January 22, 2021. Appellant presents the following questions for our review:

1. Whether undersigned counsel should be granted permission to withdraw this issue where it was determined that corroboration is not necessary to convict an individual such as [Appellant,] even though the Commonwealth failed to present any such proof, and where the evidence was otherwise sufficient to enable the jury to find him to be guilty of all charges.

2. Whether the trial court committed an abuse of discretion where the verdict rendered against [Appellant] of his being found guilty of all charges was against the weight of the evidence presented by the Commonwealth.

3. Whether undersigned counsel should be granted the permission of this Honorable Court to withdraw from arguing that [Appellant's] trial attorney committed ineffective assistance of counsel in his opening argument by stating to the jury that [Appellant] might be guilty of a "heinous" crime, the rape of [A.E.], and then later in that same opening argument told the jury … "the nature of the charges we all frown. We all– none of us wants to deal with this. The nature of the charges are beyond disgusting." As a result of undersigned counsel's being given that permission, [Appellant] will be able to raise this issue and any others of arguable merit in a later proceeding pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. Section 9141, *et seq* without causing [Appellant] to suffer a waiver of any such issues.

Appellant's Brief at 4.

Appellant's counsel seeks permission from this Court to withdraw his first and third issues presented for our review, relating to sufficiency of the evidence and trial counsel's ineffectiveness.[2] Appellant's Brief at 4. Appellant is not required to seek leave to withdraw an issue he included in his Pa.R.A.P. 1925(b) statement but does not intend to present in his brief before this Court.[3] Pursuant to Pa.R.A.P. 2116(a), "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." *See also Commonwealth v. J.F.*, 800 A.2d 942, 946 n.10 (Pa. Super. 2002) (finding that where the appellant raised an issue in his statement of questions involved but did not discuss it in his brief on appeal, the issue will be deemed waived.). On this basis, we conclude that despite including issue one in his Rule 1925(b) statement, Appellant has waived this issue for failure to present argument on it in his brief. As to issue three, we agree with Appellant's counsel that ineffective assistance of counsel claims are, subject to limited exceptions not present here, properly raised in a Post Conviction

_____

[2] Specifically, Appellant seeks to withdraw his first issue, relating to the sufficiency of the evidence, because it lacks merit. Appellant's Brief at 13. As for the third issue, relating to ineffective assistance of Appellant's trial counsel, Appellant seeks to withdraw it so he can present it on collateral appeal. Appellant's Brief at 25.

[3] If counsel were seeking to withdraw as Appellant's counsel on direct appeal, he would have to follow the dictates of *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation in a direct appeal.

Relief Act ("PCRA") petition. Thus, we grant Appellant's request to withdraw issue three without prejudice to raise it in a PCRA petition.

The only remaining issue before this Court is Appellant's second issue, in which he argues that the verdict was against the weight of the evidence. Appellant's Brief at 14. Before we reach the merits of his appeal, we must again address the deficiencies in Appellant's Rule 1925(b) statement. It is well established in this Commonwealth that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)).

As discussed *supra*, we found Appellant's first Pa.R.A.P. 1925(b) statement so deficient that it constituted ineffectiveness *per se*, and we remanded this case for appointment of new counsel and the filing of a new Rule 1925(b) statement. *Commonwealth v. Green*, 229 A.3d 327, 2280 EDA 2018 (Pa. Super. filed March 6, 2020, at *1) (non-precedential decision). The Rule 1925(b) statement filed by Appellant's new counsel contained the following question relating to the weight of the evidence, "The verdict that was rendered against [Appellant] was against the weight of the evidence." Statement of Matter to be Complained of on Appeal Pursuant to Rule 1925(b), 10/20/20. Like Appellant's first Rule 1925(b) statement, this statement is too vague to permit review. *Commonwealth v. Freeman*, 128 A.3d 1231,

1248-1249 (Pa. Super. 2015) (finding waiver where the appellant's Rule 1925 statement stated "the verdict was against the weight of the evidence."); ***Commonwealth v. Siebert***, 799 A.2d 54, 62 (Pa. Super. 2002) (finding waiver where "Appellant merely stated 'the verdict was against the weight of the credible evidence as to all of the charges.'"); ***Commonwealth v. Lemon***, 804 A.2d 34, 36-37 (Pa. Super. 2002) (finding waiver where the appellant's Rule 1925 statement stated, "the verdict of the jury was against the evidence" because the appellant failed to discuss which of his five crimes he was appealing or the specific reason for the appeal). Thus, we find Appellant has waived the issue for purposes of this appeal.

Even if we did not find waiver on those grounds, however, Appellant would be due no relief. "A weight of the evidence claim must be preserved in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." ***Commonwealth v. Griffin***, 65 A.3d 932, 939 (Pa. Super. 2013) (citing Pa.R.Crim.P. 607). In the instant case, Appellant fails to provide citation to the portion of the record where he raised his weight-of-the-evidence claim before the trial court. A review of the relevant transcripts makes clear that Appellant did not raise a weight-of-the-evidence issue orally before sentencing. Further, Appellant did not file written motions before

sentencing nor did he file post-sentence motions.[4]  Thus, Appellant failed to

preserve the issue for appeal, and we would find the issue waived even if his

Rule 1925(b) statement was not deficient.  *See Commonwealth v.*

*Sherwood*, 982 A.2d 483, 494 (Pa. 2009) (finding waiver of weight-of-

evidence claim, where the appellant failed to raise it before the trial court,

because the trial court was unable to exercise its discretion and determine

whether to grant the appellant a new trial).

Finally, we note that even if we were able to reach the merits of

Appellant's weight-of-the-evidence argument, he would be due no relief.

> Appellate review of a weight claim is a review of the exercise of
> discretion, not of the underlying question of whether the verdict
> is against the weight of the evidence. [*Commonwealth v.*
> *Brown,* 648 A.2d 1177, 1189 (Pa. 1994)]. Because the trial judge
> has had the opportunity to hear and see the evidence presented,
> an appellate court will give the gravest consideration to the
> findings and reasons advanced by the trial judge when reviewing
> a trial court's determination that the verdict is against the weight
> of the evidence. *Commonwealth v. Farquharson,* 467 Pa. 50,
> 354 A.2d 545 (1976). One of the least assailable reasons for
> granting or denying a new trial is the lower court's conviction that
> the verdict was or was not against the weight of the evidence and
> that a new trial should be granted in the interest of
> justice. *Brown, supra.*

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).  This Court has

summarized the limits of discretion as follows:

_____

[4] Although the docket in this case includes an entry described as a post-
sentence motion filed by Appellant on February 27, 2018, docket entry 124,
Appellant actually filed his notice of appeal at that entry.  Appellant did not
file post-sentence motions.

- 9 -

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Id*. (citation omitted).

Our review of Appellant's weight-of-the-evidence argument makes clear that Appellant is arguing that A.E.'s testimony was not credible and that the Commonwealth did not call any witnesses to strengthen or corroborate it. Appellant's Brief at 14, 17-18, and 21-22. A challenge to the credibility of a witness does not provide a basis to grant relief on weight-of-the-evidence grounds. *Widmer*, 744 A.2d at 754. In *Widmer*, the Supreme Court of Pennsylvania upheld our reversal of a trial court's grant of a new trial based upon its finding that the verdict was against the weight of the evidence. Specifically, the Supreme Court affirmed our reversal because "the trial court's proffered reasons to support the grant of a new trial offer nothing more than its assessment of the credibility of the witnesses and lacks the necessary foundation for the required concomitant finding of a serious miscarriage of justice." *Id*. Further, we have held that "[r]esolving contradictory testimony and questions of credibility are matters for the factfinder." *Commonwealth v. Cramer*, 195 A.3d 594, 601 (Pa. Super. 2018) (finding the appellant was due no relief on his weight of the evidence claim where "[a]ppellant essentially

- 10 -

asks us to reassess the credibility of the Victim and reweigh the evidence presented at trial. We cannot do so."). ***See also Commonwealth v. Talbert***, 129 A.3d 536, 546 (Pa. Super. 2015) ("Here, [the appellant] requests that we re-weigh the evidence and assess the credibility of the witnesses presented at trial, a task that is beyond our scope of review.").

In the instant case, the jury found A.E.'s testimony to be credible. Appellant has failed to show that the verdict is so contrary to the evidence so as to warrant a new trial. Thus, even if we did not find waiver, we would find that Appellant is due no relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/21