J-S08039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BENJAMIN A. RUIZ :
:
Appellant : No. 990 MDA 2023

Appeal from the Judgment of Sentence Entered June 12, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003410-2022

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: APRIL 16, 2024**

Appellant, Benjamin A. Ruiz, appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County on June 12, 2023. We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history are as follows: On August 20, 2021, several Lancaster City police officers observed Appellant sell 0.4 grams of cocaine to a confidential informant (CI). N.T. at 179. The officers were conducting a surveillance operation in the area of 50 Stevens Avenue, a location at which the CI had previously been involved in operations. N.T. at 107. It was prearranged that the CI would use $40 of documented "buy money" to purchase cocaine. N.T. at 99-100. Detective Jacob Bingham observed the CI make contact with a middle-aged Hispanic male with a

_____

[*] Former Justice specially assigned to the Superior Court.

mustache, glasses, and a peach-colored t-shirt who was identified as Appellant. N.T. at 109. Appellant conversed with the CI, entered the driver's seat of his vehicle, a silver Nissan hatchback, and then engaged in a hand-to-hand transaction. N.T. at 110. The CI returned to Detective Bingham and handed him two baggies of cocaine which the CI had just obtained from Appellant. N.T. at 116.

Another officer, William Hamby, drove past Appellant and his vehicle at a speed of approximately five miles per hour in order to view Appellant's face and vehicle information. N.T. at 168-69. Officer Hamby recorded the Nissan's registration number and identified the suspect as a light-skinned Hispanic male wearing a peach-colored shirt and glasses with a mustache. N.T. at 168. The officers searched the JNET system for the vehicle's owner, and their search revealed a photo of Appellant, Benjamin Ruiz. N.T. at 123. Detective Bingham and Officer Hamby both testified that the JNET photo of the vehicle's owner was the man they observed make the drug transaction. N.T. at 123, 174. A third officer, Brandon McCormick, the primary officer on the surveillance operation, also testified at trial to the details of the operation. During the operation, he was located nearby in a vehicle which was not in direct sight of the drug transaction. N.T. at 151. He communicated with the officers involved through radio channels and audio monitoring. N.T. at 150-53.

The trial occurred on March 13-14, 2023, and Appellant was convicted by a jury of the sole charge. N.T. at 226. Appellant was sentenced on June

12, 2023, to six to twenty-three months of house arrest. Defense counsel filed a notice of appeal on July 12, 2023. On August 3, 2023, Defense Counsel filed a Statement of Intent to File **Anders/McClendon** Brief in Lieu of Statement of Errors Complained of on Appeal. The trial court filed a Statement in Lieu of Opinion on October 16, 2023.

On January 9, 2024, counsel filed in this Court a petition seeking to withdraw his representation, as well as an **Anders** brief. Appellant filed no further submissions either *pro se* or through privately retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in **Santiago** stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 3 -

> counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with the *Anders* requirements is sufficient. *See id.*

Herein, counsel filed a petition to withdraw as counsel and an *Anders* brief. After review of the *Anders/McClendon* Brief, we find that counsel sufficiently complied with the procedural requirements of *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), and their progeny. The brief contains a factual and procedural summary, a conclusion that the appeal is frivolous, and counsel's reasoning for it. Appellant's Br. at 6. Attached to the application to withdraw was a copy of a letter advising Appellant of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). The *Millisock* letter and certificates of service attached to the brief and application to withdraw indicate Appellant was served a copy of the documents. Counsel has also substantially complied with the requirements set forth in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Therefore, we

- 4 -

proceed to examine the issues counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (quotation omitted).

Counsel raises the following issue on Appellant's behalf:

> Should appellate counsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?

Appellant's Br. at 4.

The first issue set forth by counsel on appeal challenges the sufficiency of the evidence. The standard of review of a challenge to the sufficiency of the evidence follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.

**Commonwealth v. Gibbs**, 981 A.2d 274, 280 (Pa. Super. 2009). "[T]his Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." **Commonwealth v. Smith**, 146 A.3d 257, 261 (Pa. Super. 2016) (citations omitted). The finder of fact is permitted to believe all, part, or none of the evidence presented at trial. **Id.** at 262.

Appellant was convicted of delivery of cocaine pursuant to section 35 P.S. § 780-113(a)(30) which states:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited: . . . (30) . . . the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act[.]

35 P.S. § 780-113(a)(30). "Delivery is defined as 'the actual, constructive or attempted transfer from one person to another of a controlled substance....'" ***Commonwealth v. Morrow***, 650 A.2d 907, 912 (Pa. Super. 1994), appeal denied, 659 A.2d 986 (1995) (quoting 35 P.S. § 780-102).

Instantly, the police utilized a CI to conduct a controlled purchase of cocaine on August 20, 2021. Detective Bingham testified that he observed Appellant sell cocaine directly to the CI through a hand-to-hand transaction. The CI handed Appellant $40 of United States currency which was previously documented as "buy money." N.T. at 106. The parties stipulated that the substance transferred by Appellant was 0.4 grams of cocaine. N.T. at 178, 218.

Detective Bingham closely observed Appellant's face and vehicle, and had another officer record the vehicle's license plate number. N.T. at 109. Upon viewing the JNET results showing a photo of the vehicle's owner, Detective Bingham identified the owner as Appellant, the man he observed engage in the drug transaction with the CI. N.T. at 123. Lancaster City Police Officer Hamby, a secondary surveillance officer on the August 20 operation, located Appellant and drove by him to get an accurate description of him and his vehicle. N.T. at 168. Officer Hamby also confirmed that the photo of the registered owner of the vehicle matched the identity of Appellant. N.T. at 174.

Based upon the foregoing, sufficient evidence supported Appellant's convictions for three counts of delivery of a controlled substance. ***See*** 35 P.S. 780-113(a)(30). ***See also Commonwealth v. McLean***, 578 A.2d 4 (Pa. Super. 1990) (holding sufficient evidence supported defendant's convictions for two counts of delivery of controlled substance; undercover state trooper testified that he personally purchased cocaine from defendant on two occasions at defendant's apartment; trooper positively identified defendant as seller). Accordingly, Appellant's first claim fails.

The second issue counsel sets forth is a ***Batson***[1] issue. During *voir dire*, Appellant's trial counsel raised a ***Batson*** challenge when the prosecutor exercised two peremptory strikes against Hispanic jurors. N.T. at 47. The trial court heard arguments from each attorney and denied the ***Batson*** challenge. N.T. at 49.

We review a trial court's denial of a ***Batson*** claim for clear error. ***Commonwealth v. Cook***, 952 A.2d 594, 603 (Pa. 2008) (stating that the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact that is accorded great deference on appeal and will not be overturned unless clearly erroneous). ***Batson*** and its progeny established a three-part inquiry for evaluating a claim of racial discrimination in jury selection.

> [T]he [movant] has to initially establish a prima facie showing that the circumstances give rise to an inference that the [opposing

---

[1] ***Batson v. Kentucky***, 476 U.S. 79 (1986).

party] struck one or more prospective jurors on account of race. If the prima facie showing is made, the burden shifts to the [opposing party] to articulate a race-neutral explanation for striking the juror(s) at issue. The trial court ultimately makes a determination of whether the [movant] has carried [the] burden of proving purposeful discrimination.

*Commonwealth v. Sanchez*, 36 A.3d 24, 44 (Pa. 2011).

The requirements for a prima facie **Batson** showing are well settled:

Generally, in order ... to satisfy the first requirement of demonstrating a prima facie **Batson** claim, the movant must establish that he or she is a member of a cognizable racial group, that the opposing party exercised peremptory challenges to remove from the venire members of his or her race, and that other relevant circumstances combine to raise an inference that the opposing party removed the jurors for racial reasons. Whether the movant has carried this threshold burden of establishing a prima facie case should be determined in light of all the relevant circumstances.

A showing that a number of strikes were used against venirepersons of one race will not, without more, create the inference necessary to establish a prima facie **Batson** claim. Rather, our Supreme Court has continually recognized that a moving party must preserve a full and complete record of the asserted **Batson** violation, as it would otherwise be impossible to conduct meaningful appellate review of the motivations of prosecutors in individual cases without such a record. This full and complete record requirement necessitates that the movant make a record identifying the race of venirepersons stricken by the Commonwealth, the race of prospective jurors acceptable to the Commonwealth but stricken by the defense, and the racial composition of the final jury. When a movant fails to make such a record, we cannot review the trial court's determination that a movant failed to establish a prima facie case under **Batson**.

*Commonwealth v. Thompson*, 106 A.3d 742, 751-52 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

Here, Appellant's trial counsel raised a **Batson** claim after the Commonwealth exercised its fifth peremptory challenge as to Juror 333. N.T.

- 8 -

at 47-48. Appellant's counsel made a record identifying only the race of Jurors 290 and 333; Appellant failed to state the race of any other venirepersons or identify on the record the racial composition of the jury. *Id*. The only evidence of record as to the racial makeup of the venirepersons or the jury was stated by the prosecutor, who indicated that of the five peremptory strikes at that point, two were Hispanic and three were not, and other Hispanic individuals were on the panel. N.T. at 49. Because Appellant failed to make the requisite full and complete record to facilitate appellate review, we cannot address this claim. *See Thompson, supra*. Thus, Appellant is entitled to no relief on his *Batson* claim.

The final issue counsel sets forth is a challenge to the police identification of Appellant. During cross-examination of Officer Hamby, Appellant's trial counsel questioned him about the photo identification, pointing out that the officers viewed only one photo of Appellant—after searching his vehicle on JNET—and did not produce a photo lineup. N.T. at 174. However, any claim regarding the photo identification is waived because, as counsel acknowledges, "this issue was not raised at trial, other than through cross-examination of the police officers, so the potentially tainted identification was properly considered by the jury and there is no issue to raise on appeal." Appellant's Br. at 14. It is well-settled "the failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal." *Commonwealth v. Douglass*, 701 A.2d 1376, 1378 (Pa. Super. 1997) (citation omitted). *See also* Pa.R.A.P. 302

("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Here, Appellant's trial counsel did not file a suppression motion regarding the JNET photo identification, did not object to the identification testimony at trial, and did not preserve this claim through any post-sentence motion. Therefore, it is waived.

After examining the issues contained in the **Anders** brief, we agree with counsel that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/16/2024